COMMONWEALTH *vs.* DAVID FERRARA. June 25, 1981. The defendant was convicted of breaking and entering in the daytime with intent to commit larceny. The person who observed the larceny and telephoned the

police to report it was permitted to testify that the reason he took notice of the defendant and his vehicle was that one week before, around midday, he had seen the defendant and the same vehicle outside his (the witness's) apartment house (40 Grove Street), that on that occasion the defendant had apparently opened the locked inner door, that the defendant had exited when the witness entered, that the witness had known that the defendant was not a resident of the apartment, and that in response to those observations the witness had recorded the registration number of the vehicle and had telephoned the police. It was these observations the week before which caused the witness to watch the defendant as he loaded objects into the trunk of the same vehicle as it was parked in front of 38 Grove Street around noontime the day of the larceny. The judge ruled correctly that the witness's observations from the week earlier were admissible for their bearing on the reliability of his identification of the defendant the day of the larceny, identification having been the principal issue at the trial, compare *Commonwealth* v. *Rhoades*, 379 Mass. 810, 819-821 (1980), and we need not consider the Commonwealth's other contention that the witness's observations were also admissible for their tendency to show a scheme or pattern of conduct proximate in time to the single larceny which was the subject of the indictment being tried. Compare *Commonwealth* v. *Farmer*, 218 Mass. 507, 512 (1914).

*Judgment affirmed.*

BROWN, J. (concurring). I concur in the result. The defendant was caught "red-handed" practically at the scene of the crime and therefore identification could not have been an issue. In my view the questioned evidence of identification was immaterial in these circumstances. The only effect of offering such evidence was to give the defendant a nonissue to argue on appeal.

*Margaret H. Van Deusen* for the defendant.
*Peter J. Muse*, Legal Assistant to the District Attorney (*Sharon D. Meyers*, Assistant District Attorney, with him) for the Commonwealth.